**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30210 |
| Plaintiff - Appellee, | D.C. No. 2:08-CR-02045-LRS-1 |
| v. | |
| ROBERT JOSEPH BROWN, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Submitted February 3, 2010[**]
Seattle, Washington

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

Appellant Robert Brown, Jr. (Brown) appeals the district court's denial of

his motion to suppress evidence. Brown asserts that Community Corrections

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Officers Michael Hisey (Hisey) and Brent Martin (Martin) violated his Fourth Amendment right against unreasonable search and seizure.

Hisey and Martin conducted a constitutional stop and frisk pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). Based on the totality of the circumstances, Hisey and Martin reasonably suspected Brown of criminal activity and feared for their safety because Brown entered a gang-associated residence after being told not to; wore baggy gang-related clothes capable of concealing a weapon; acted nervous upon seeing the officers; made furtive movements around his waist and pockets, and refused to keep his hands where the officers could see them despite requested requests to do; and was carrying an aerosol can of gun cleaning oil in his pocket. *See United States v. Johnson*, 581 F.3d 994, 999-1000 (9th Cir. 2009) (describing the *Terry* standard).

Hisey and Martin's limited use of force did not convert the investigatory stop into an arrest. Hisey and Martin detained Brown in order to quickly confirm or dispel their suspicion that Brown was armed. *See United States v. Thompson*, 282 F.3d 673, 677-78 (9th Cir. 2002). Hisey and Martin's fear for their safety justified their use of force and coercive tactics. *See United States v. Ricardo D.*, 912 F.2d 337, 340 (9th Cir. 1990).

**AFFIRMED.**